IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 23-CR-138-JFH |
| NATHAN BROOK WASHINGTON, | |
| Defendant. | |

## OPINION AND ORDER

This matter comes before the Court on its own motion. Defendant Nathan Brook Washington ("Defendant") pled guilty to one count of arson in Indian Country on May 3, 2023. *See* Dkt. Nos. 26, 27, 28. Defendant also filed a waiver of preparation of presentence investigation and report. Dkt. No. 29.

Under Federal Rule of Criminal Procedure 32, the United States Probation Office must conduct a presentence investigation and submit a report to the Court before sentencing unless the Court finds that the information in the record enables it to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553 and explains its finding on the record. Fed. R. Crim. P. 32(c)(1)(A)(ii). A defendant's waiver of presentence report is not effective without an order from the Court. And while the Court has broad discretion not to order a presentence investigation report, "dispensing with a presentence report should be done very rarely and then only if accompanied with a statement of the reasons therefor." *United States v. Manuella*, 478 F.2d 440, 442 (2d Cir. 1973).

Because of the unprecedented criminal caseloads resulting from the Supreme Court's decision in *McGirt v. Oklahoma*, 140 S.Ct. 2452 (2020), the current average time between a change of plea and sentencing in this District is longer than anyone—litigants, attorneys, or the Court—

would prefer.  However, this by itself is not a sufficient reason for the Court to waive a presentence investigation before sentencing an individual.  Defendant's waiver does not provide sufficient factual background for the Court to find that the information in the record would enable it to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553 without a presentence report.[1]

IT IS THEREFORE ORDERED that the Court does not waive preparation of the presentence investigation report by the United States Probation Office.  Defendant may participate in the report preparation process, or not, as he so desires.

Dated this 5th day of May 2023.

*[signature]*
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

---

[1] Section 3553 requires the Court to impose a sentence that is sufficient, but not greater than necessary, to comply with the purposes of sentencing.  These purposes include the need for the sentence to reflect the seriousness of the crime, promote respect for the law, and provide just punishment for the offense.  Sentencing should deter criminal conduct, protect the public from future crime by the defendant, and promote rehabilitation.  In addition to the guidelines and policy statements, the Court should consider the nature and circumstances of the offense, the history and characteristics of the defendant, the need to avoid unwarranted sentence disparities among similarly situated defendants any needed training, medical care, or other treatment, and the types of sentences available.  18 U.S.C. § 3553(a).